IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY BILHARZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 3:04-CV-2164-P |
| | § | |
| JOHN E. POTTER, Postmaster General, | § | |
| United States Postal Service | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court are Defendant John E. Potter's Motion to Dismiss, filed May 23, 2005, and Plaintiff Judy Bilharz's Motion to Continue, filed along with her response to Defendant's Motion to Dismiss on June 29, 2005. Defendant filed a Reply on July 14, 2005. Plaintiff also filed a Sur-Reply on July 26, 2005. As Defendant does not object to this filing, the Court considers it in determining the Motions. Having carefully reviewed the briefing, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion to Continue.

**I. Background and Procedural History**

On October 5, 2004, *pro se* Plaintiff Judy Bilharz initiated this lawsuit by filing a Complaint against her former employer, the United States Postal Service.¹ Plaintiff contends that she was

---

¹ Plaintiff's Complaint must be evaluated in light of the fact that Plaintiff is a *pro se* litigant and therefore should not be held to the same standards of pleading as an attorney; Plaintiff's pleadings and briefs should be construed liberally. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (holding that allegations in a *pro se* complaint are to be held to a less stringent standard); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing that courts "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). As such, the Court considers Plaintiff's Responses to the Magistrate Judge's Questionnaires in construing her Complaint.

discriminated against because of her gender and her disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*  (Am. Compl. at 1.)

Plaintiff was employed by the United States Postal Service in Greenville, Texas.  (Mot. Dismiss at 1, Ex. A.)  Plaintiff claims that on or around June 16, 2003, her supervisor, H.H. Sanders, acting under the orders of Postmaster Linda Jones, took her away from her duties and held a discussion in which false allegations and threats were made.  (Am. Compl. at 1; Resp. Magistrate Judge's Questionnaire of 11/5/2004 at 6.)  Plaintiff contends that this discrimination caused her to lose her health and her job of twenty (20) years.  (Resp. Magistrate Judge's Questionnaire of 11/5/2004 at 2.)

Plaintiff first contacted the EEO counselor on September 16, 2003, approximately ninety-two (92) days after the alleged discriminatory action took place.  (Resp. Magistrate Judge's Questionnaire of 11/5/2004 at 4.)  In a decision dated January 9, 2004, the United States Postal Service issued a Final Agency Decision in which it dismissed Plaintiff's administrative complaint because she had failed to comply with the applicable time limits for contacting an EEO counselor. (Resp. Magistrate Judge's Questionnaire of 11/5/2004 at 6–8.)  The EEOC subsequently affirmed the agency's decision on May 19, 2004.  (Resp. Magistrate Judge's Questionnaire of 12/6/2004 at 7–9.)  Plaintiff's request for reconsideration was denied by the EEOC on July 8, 2004.  (*Id.* at 13–14.)

## II. Analysis

## A. Rule 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) provides that an action must be dismissed if it appears that the court does not possess subject matter jurisdiction over the plaintiff's claims. A party invoking the court's jurisdiction carries the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994). A district court has the power to decide a Rule 12(b)(1) motion to dismiss "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)). Reference by the court to such evidence outside the pleadings does not convert the motion to one filed pursuant to Federal Rule of Civil Procedure 56. *Pringle v. U.S.*, 208 F.3d 1220, 1222 (10th Cir. 2000).

## B. The Forty-Five Day Requirement and Equitable Tolling

Before filing an employment discrimination suit in district court, a federal employee must exhaust all administrative remedies against the federal employer. *Brown v. General Services Administration*, 425 U.S. 820, 835, 48 L. Ed. 2d 402, 96 S. Ct. 1961 (1976); *Fitzgerald v. Secretary U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997); 42 U.S.C. § 2000e-16(c). "The complainant also must file his complaint in a timely manner." *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (citation omitted). "If the claimant fails to comply with either of these requirements then the court is deprived of jurisdiction over the case." *Id.*

In order to timely exhaust administrative remedies, a federal employee must, among other requirements, contact an EEO counselor within forty-five (45) days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(2); *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002). Time periods prescribed by Title VII, such as this forty-five (45) day period, commence when a plaintiff is notified of a discriminatory decision, not when the consequences of the decision become most painful. *See Delaware State College v. Ricks*, 449 U.S. 250, 258, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980) (holding that the relevant inquiry is when the employer "established its official position—and made that position apparent" to the plaintiff).

The Fifth Circuit has recognized, however, that "the time limit established by this regulation is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling. . . ." *Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 906–07. The Fifth Circuit has also stated, however, that equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It " applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The plaintiff bears the burden of establishing that equitable tolling is justified in a particular case. *Wilson v. Secretary, Department of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995).

In the instant case, Plaintiff presents three arguments in favor of equitable tolling, which the Court now examines in turn.

1. **Plaintiff's Alleged Mental Illness**

Plaintiff's principal argument is that her mental illness prevented her from contacting the EEO counselor within forty-five (45) days of the alleged discrimination. The traditional rule is that "mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (Posner, C.J.); *accord Speiser v. United States Dep't of Health and Human Servs.*, 670 F. Supp. 380, 384 (D.D.C. 1986). The Fifth Circuit was urged to adopt this traditional rule in the case of *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999), but it declined to take up the issue because it concluded that equitable tolling was inapplicable in the case before it. *Hood*, 168 F.3d at 233. This Court briefly addressed the issue in the case of *David v. Trugreen L.P.*, No. CIV.A.3:96-CV-3078-P, 1999 WL 288686, at *9 (N.D. Tex. May 05, 1999) (Solis, J.). In *David*, the Court noted that the "[f]ederal courts have taken a uniformly narrow view of equitable exceptions to the Title VII limitations periods." *Id.* The Court recognized that "[t]here is no absolute rule that would require tolling whenever there is a mental disability," but that "a case-specific analysis is required." *Id.* The Court also pointed out that a "federal court should assume that the mental illness was not of a sort that makes it equitable to toll the statute—at least absent a strong reason for believing the contrary." *Id.* (quoting *Lopez v. Citibank*, 808 F.2d 905, 907 (1st Cir. 1987)). The Court further noted that in the case before it Plaintiff was competent enough to seek legal advice, apply for a car loan, and that he had been cleared for work by his doctor. *Id.* These facts combined led the Court to believe that the "Plaintiff was sufficiently capable of appreciating the responsibilities and mental challenges associated with

employment and the 'real world.'" *Id.* The Plaintiff in *David* thus failed to establish that his disability prevented him from filing a charge of discrimination. *Id.*

In the instant case, Plaintiff's extremely brief, amended Complaint contains no indication that her alleged mental illness prevented her from contacting the EEO counselor. Plaintiff does make this claim, however, in response to Defendant's Motion to Dismiss. (Resp. at 2.) In particular, she avers that "[d]ue to the nature and extent of Plaintiff's documented medical condition, she was mentally and physically prevented, beyond her control, from contacting the EEO counselor within the time limits." (*Id.*) In response to a question from the Magistrate Judge, Plaintiff alleges that she was diagnosed with major clinical depression by Steven Voback, M.D., on June 24, 2003, and also by Fernando M. Siles, M.D., on October 30, 2003. (Resp. Magistrate Judge's Questionnaire of 12/6/2004 at 2.) She also contends that she suffered this disability at all times between June 16, 2003, and September 16, 2003, and that it rendered her "emotionally unable to cope with normal daily activities," "emotionally disturbed," and "unable to transact any business." (*Id.* at 2–3.) Plaintiff also alleges that she was prescribed 300 mg. of Trazodone and 200 mg. of Zoloft. (*Id.* at 2.) Plaintiff admits, however, that she was not institutionalized during the period of time from June 16, 2003, to September 16, 2003. (*Id.* at 2.)

In his Motion to Dismiss, Defendant alleges that Plaintiff continued to work between June 16, 2003, and July 18, 2003, and took only three (3) days of sick leave during this period. (Mot. Dismiss at 8.) Defendant includes a copy of the agency records in support of this contention. (Mot. Dismiss Ex. A. at 2–3.)

Having thoroughly examined the evidence, the Court concludes that Plaintiff has failed to

carry her burden of showing that equitable tolling should be applied in her case due to her alleged mental illness. Plaintiff presents some evidence that she has a mental illness, but Plaintiff fails to demonstrate how this illness impacted her ability to contact the EEO counselor. The evidence presented by Defendant shows that Plaintiff was able to work during most of the forty-five (45) day period, which suggests that Plaintiff retained some capacity to manage her affairs during that time. Even under a liberal reading of the *pro se* Plaintiff's pleadings and briefs, the Court simply cannot find enough evidence to support a determination that Plaintiff's mental illness prevented her from contacting the EEO counselor within forty-five (45) days, as required by 29 C.F.R. § 1614.105(a)(2).

### 2. Form 2567B

In an additional argument in favor of equitable tolling, Plaintiff contends that she signed a form 2567B and that this form gave her a ninety (90) day extension of the forty-five day time limit for contacting the EEO counselor. (Resp. at 1.) Plaintiff fails to present, however, any further information regarding this form and does not furnish a copy to the Court. Plaintiff's conclusory allegation that she signed a form granting an extension does not satisfy her burden of proof in regards to the applicability of equitable tolling.

### 3. The Prior EEOC Decisions

Plaintiff also claims that she obtained an extension in the Equal Employment Opportunity Commission's Decision dated May 19, 2004, and in the Denial of Request for Reconsideration dated July 8, 2004. (Resp. at 2.) Plaintiff submitted a copy of these decisions in a response to questions from the Magistrate Judge. (Resp. Magistrate Judge's Questionnaire of 12/6/2004 at 7, 13.) The Court has examined both of these decisions and finds that neither grants an extension of the forty-

five (45) day time limit for contacting the EEO counselor. In fact, the EEOC's May 19, 2004, Decision expressly denies that the limitation period should be extended. It states that "Complainant has not presented adequate justification to warrant extension of the applicable limitation period." (Resp. Magistrate Judge's Questionnaire of 12/6/2004 at 7.) The EEOC's July 8, 2004, Denial of Request for Reconsideration simply denies Plaintiff's request for reconsideration. (Resp. Magistrate Judge's Questionnaire of 12/6/2004 at 7.) Neither decision grants an extension of the forty-five (45) day time limit, as claimed by Plaintiff.

### III. Conclusion

Having carefully reviewed the briefing, the Court concludes that Plaintiff has failed to provide sufficient evidence justifying the application of equitable tolling in this case. Therefore, Plaintiff's claims arising out of this incident are barred because of her failure to contact an EEO counselor within forty-five (45) days of the alleged discrimination. For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss and DENIES Plaintiff's Motion to Continue.

**It is so ordered**.

Signed this 24th day of August 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE